UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUTH R. JOHNSON,

    *Plaintiff*,

v.

COSTCO WHOLESALE CORPORATION

    *Defendant*.

Civil Action No. 23 - 2512 (LLA)

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ruth R. Johnson brings suit against Costco Wholesale Corporation ("Costco") for injuries resulting from a slip-and-fall incident at a Costco location in the District of Columbia. ECF No. 1-1. The matter is before the court on Costco's motion for summary judgment, ECF No. 21, which is fully briefed, ECF Nos. 21, 23 to 25. For the foregoing reasons, the court will deny Costco's motion for summary judgment.

    **I.**    **FACTUAL BACKGROUND**

In August 2022, Ms. Johnson was shopping at a Costco warehouse in the District of Columbia when the wheel of her shopping cart slipped on a substance on the floor and began to skid away from her. ECF No. 1-1 ¶ 7.[1] As her cart slid away, Ms. Johnson fell to the floor. *Id.*

---

[1] The court draws the facts from the parties' statements of undisputed facts and exhibits. ECF Nos. 21, 23 to 25. Costco takes issue with the form of Ms. Johnson's statement of facts, arguing that it does not comply with Local Civil Rule 7(h) and this court's standing order, ECF No. 5, and it asks the court to treat its asserted facts as uncontroverted, ECF No. 25, at 1-2. "Where a party fails to . . . file a proper statement of material facts in dispute pursuant to a local rule," the court may "deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d

(*continued on next page*)

¶ 8; *see* ECF No. 24-2, at 2.[2]  Ms. Johnson landed in the substance, which she was able to identify as vomit because of her experience in housekeeping.  ECF No. 25 ¶¶ 8-9.  When Ms. Johnson stood up, her pants were wet from the vomit.  *Id*. ¶ 10; ECF No. 24-1, at 87:11-19.  She noted that parts of the vomit puddle had dried up, which led her to believe that it had "been there a while."  ECF No. 24-2, at 2; ECF No. 25 ¶ 10.  Ms. Johnson—who was seventy-nine at the time—suffered injuries from her fall.  ECF No. 25 ¶ 17; ECF No. 1-1 ¶ 15.[3]

After Ms. Johnson fell, a woman who appeared to be a Costco employee came over to help her.  ECF No. 25-1, at 43:15-46:2.  The woman poured Ms. Johnson a product sample from a nearby demonstration station, which was unoccupied, and offered it to Ms. Johnson "to help [her] pain."  *Id.* at 44:10.  She also assured Ms. Johnson that store security cameras had captured the incident.  ECF No. 25 ¶ 13; ECF No. 25-1, at 52:1-7.  A second woman, who was holding a clipboard and also appeared to be a Costco employee, approached Ms. Johnson following her fall

---

145, 154 (D.C. Cir. 1996).  However, the court, "in its discretion, may consider a motion for summary judgment even in the absence of a proper Rule [7(h)] Statement."  *Gardels v. Cent. Intel. Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980) (quoting *Johnson v. Am. Gen. Ins. Co.*, 296 F. Supp. 802, 805 n.4 (D.D.C. 1969)).  The exercise of this discretion is appropriate when the "Court is able 'to decide [the] motion[] for summary judgment efficiently and effectively' based on the parties' briefings and has not been 'obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories' in order to do so."  *Escamilla v. Nuyen*, 200 F. Supp. 3d 114, 120 (D.D.C. 2016) (second alteration in original) (quoting *Jackson*, 101 F.3d at 150-51).  The court determines that this is such a case and will exercise its discretion to consider the factual disputes raised in the parties' statements of fact.

[2] The parties dispute whether Ms. Johnson stepped in the substance before falling or if she made contact with the substance only after her fall.  ECF No. 25 ¶ 8.  The court determines that this distinction is immaterial.

[3] Costco argues that Ms. Johnson's medical report is inadmissible, and that in any case, Ms. Johnson's age and injuries are not relevant and appear "calculated to distract the Court."  ECF No. 25 ¶ 17.  The court disagrees.  While Ms. Johnson's specific injuries do not bear on the court's liability analysis, they are relevant to Ms. Johnson's overarching negligence claim, which requires a showing of injury.  *See infra* p.5.  As for damages based on Ms. Johnson's injuries, the court previously ruled that it would permit the parties to brief whether expert discovery was necessary after resolving the instant motion.  ECF No. 26, at 4-5.

and spoke with her.  ECF No. 25 ¶ 12; ECF No. 25-1, at 52:8-53:2.  Neither employee gave Ms. Johnson any paperwork to complete regarding the incident.  ECF No. 25-1, at 52:8-53:2.

Ms. Johnson's counsel sent Costco multiple preservation letters within two weeks of the incident.  ECF No. 25 ¶ 14.  Costco confirmed receipt of the letters and agreed to preserve any available evidence.  *Id.*  Despite this, Costco did not preserve any security camera footage.  *Id.* ¶ 15.

## II.     PROCEDURAL HISTORY

In August 2023, Ms. Johnson filed suit in the Superior Court of the District of Columbia.  *See* ECF No. 1-1, at 1-6.  Costco thereafter removed the case to this court pursuant to diversity jurisdiction, *see* ECF No. 1; 28 U.S.C. § 1332, and the case was subsequently reassigned to the undersigned in December 2023.  *See* Dec. 14, 2023 Minute Order.  In January 2025, Costco moved for summary judgment, ECF No. 21.  The motion is fully briefed and ripe for resolution.  ECF Nos. 21, 23 to 25.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law." *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (quoting *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006)); *see* Fed. R. Civ. P. 56(a).  A material fact is one which "might affect the outcome of the suit under the governing law," and a "dispute about a material fact is 'genuine,'" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  At summary judgment, the moving party bears the burden of demonstrating "the absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by

materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Liberty Lobby*, 477 U.S. at 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38-39 (D.C. Cir. 2015).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (quoting *Liberty Lobby*, 477 U.S. at 255); *see Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 295-96 (D.C. Cir. 2015).  Accordingly, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (alteration in original) (quoting *Liberty Lobby*, 477 U.S. at 255).  However, the nonmoving party must still establish more than "[t]he mere existence of a scintilla of evidence in support of [his] position," *Liberty Lobby*, 477 U.S. at 252, and may not rely on "mere allegations" or conclusory statements, *Equal Rts. Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1141 n.3 (D.C. Cir. 2011) (quoting *Sierra Club v. Env't Prot. Agency*, 292 F.3d 895, 898-99 (D.C. Cir. 2002)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).

In personal injury cases, summary judgment is rarely granted because "issues of breach of duty and proximate causation are normally held to be questions of fact for the jury." *Kindig v. Whole Foods Mkt. Grp., Inc.*, 930 F. Supp. 2d 48, 51 (D.D.C. 2013) (quoting *Gumppert v. United States*, No. 92-378, 1993 WL 405763, at *1, (D.D.C. Sept. 24, 1993)).  However, the nonmoving party still must allege facts sufficient to demonstrate that there is a genuine issue of fact concerning the defendant's negligence.  *Id.*

### IV.  DISCUSSION

"[I]n a negligence action under District of Columbia law, the plaintiff 'bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Martin v. Omni Hotels Mgmt. Corp.*, 206 F. Supp. 3d 115, 121 (D.D.C. 2016) (internal quotation marks omitted) (quoting *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988)).  In a premises liability case that is "predicated upon the existence of a dangerous condition," the plaintiff must "show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected." *Sullivan v. AboveNet Commc'ns, Inc.*, 112 A.3d 347, 356 (D.C. 2015) (quoting *Anderson v. Woodward & Lothrop*, 244 A.2d 918, 918-19 (D.C. 1968) (per curiam)).

In her complaint, Ms. Johnson alleges that Costco had "actual or constructive notice" of the vomit on which she slipped and is therefore liable for her injuries.  ECF No. 1-1 ¶ 14.  In its motion for summary judgment, Costco argues that Ms. Johnson has not presented sufficient evidence to allow a reasonable jury to conclude that it had either actual or constructive notice of a hazardous condition on its premises.  ECF No. 21-1, at 6-8.  Therefore, Costco contends, this case presents no genuine issues of material fact for a jury to resolve and the court must find for Costco as a matter of law.  ECF No. 21-1, at 6.  The court agrees with Costco as it concerns actual notice and disagrees with Costco as it concerns constructive notice.

### A.  Actual Notice

An employer has actual notice of a hazard when there is evidence that an employee knew about it. *See Hudson v. Harris Teeter, LLC*, 292 F. Supp. 3d 496, 499-500 (D.D.C. 2018); *see*

5

*also Sanders v. Costco Wholesale Corp.*, No. 23-CV-1230, 2025 WL 548289, at *1-2 (D.D.C. Feb. 19, 2025). Costco argues that Ms. Johnson "has no evidence Costco had actual notice of the substance [on the floor] before the incident." ECF No. 21-1, at 9. While Ms. Johnson did allege in her complaint that Costco had "actual . . . knowledge" of the vomit, ECF No. 1-1 ¶ 14, she does not respond to Costco's argument that it lacked actual notice in her opposition the motion for summary judgment, *see generally* ECF No. 23-1. Where "a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." *Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002). Because Ms. Johnson has not continue to press her argument that Costco had actual notice in the face of Costco's motion for summary judgment, the court deems the argument conceded.[4]

### B.     Constructive Notice

In a slip-and-fall premises liability case, a plaintiff who does not establish that the defendant had actual notice of a hazard must establish constructive notice in order to prevail on her claim. *See Davenport v. Safeway, Inc.*, No. 20-CV-1207, 2022 WL 4379016, at *1-2 (D.D.C. Sept. 22, 2022). To establish constructive notice, a plaintiff must present evidence (1) "that a dangerous condition existed" and (2) "that the dangerous condition existed for such a duration of time that the [defendant] should have been aware of it if [the defendant] had exercised

---

[4] Even if the issue had not been conceded, Ms. Johnson's evidence is insufficient to support an argument that Costco had actual notice of the vomit. Ms. Johnson alleges in her complaint that "the vomit was visible to one or more employees of Defendant Costco, including an employee who was handing out free samples." ECF No. 1-1 ¶ 8. However, at summary judgment, she presents no evidence to support this allegation and, indeed, her deposition testimony was that no one was at the demonstration station when she fell. ECF 21-1, at 62:20-22. Accordingly, a reasonable jury could not conclude that Costco had actual notice of the vomit.

reasonable care." *Kindig*, 930 F. Supp. 2d at 51 (alterations in original) (quoting *Lynn v. District of Columbia*, 734 A.2d 168, 171 (D.C. 1999)). The parties do not dispute that a dangerous condition existed, but they disagree whether a jury could find that Costco should have been on notice of it. *See* ECF No. 21, at 8-15; ECF No. 23, at 5-10.

To determine whether a plaintiff can survive summary judgment on the issue of constructive notice in a slip-and-fall case, courts consider factors including the length of time of the hazard's presence, the presence of any nearby employees, and the establishment's internal safety policies and typical maintenance regimen. *See Sanders*, 2025 WL 548289, at *5; *Kindig*, 930 F. Supp. 2d at 52-53; *Davenport*, 2022 WL 4379016, at *4. Here, Ms. Johnson relies on her deposition testimony to argue that the vomit was on the floor for a sufficient duration that Costco should have been on notice of the hazard. ECF No. 23, at 6-7. "If a plaintiff can conclusively establish that a foreign object was present on the ground for a specific amount of time, it can become a question for the jury as to whether the defendant had constructive notice given the amount of time the hazard was present." *Kindig*, 930 F. Supp. 2d at 52. "[B]ut where there is no testimony about how a 'substance came to be on the floor or how long it had been there' . . . the court may properly decide the case as a matter of law 'because of [the] failure to present prima facie proof of liability.'" *Hudson*, 292 F. Supp. 3d at 499 (alteration in original) (quoting *Anderson*, 244 A.2d at 919).

At her deposition, Ms. Johnson testified to the following:

> Q: So you believe somebody threw up and caused the puddle of vomit to be there?
>
> A: Yes.
>
> Q: Do you know who did that?
>
> A: No, I don't.

>Q: Okay. Do you know when that happened?
>
>A: No, I don't.
>
>Q: Do you know how long that puddle of vomit was there that you pushed your cart through[?]
>
>A: I don't know.
>
>Q: Do you have any evidence as to the length of time that puddle of vomit was there before you pushed your cart and stepped in it?
>
>A: No, I do not.

ECF No. 21-2, at 42:3-17. In a subsequent errata to her deposition testimony, Ms. Johnson amended her answer to the final question to "Nothing that exactly tells me how long it had been there. But I know it had been there for a while because parts of the vomit had dried up." ECF No. 21-3, at 2.

At a later point in her deposition, Ms. Johnson had the following exchange:

>Q: And as we sit here today, do you have any information on who caused that vomit to be on the floor? Who threw up?
>
>A: It could be anybody.
>
>Q: Do you have any information on when someone threw up?
>
>A: No, I don't.
>
>Q: Do you have any information on how long that vomit was there on the floor?
>
>A: I can't guess.

ECF No. 21-2, at 54:2-11. In her errata, Ms. Johnson amended her answer to the last question to "I know it had been there a while because parts were dried up." ECF No. 21-3, at 2.

In the final relevant portion of her deposition, Ms. Johnson testified to the following:

>Q: Okay. Let me ask you like this. What did you notice—what, if anything, did you observe about the consistency of the vomit on the floor once you fell in it?

> . . . .
>
> A: When I got up from the floor, you could feel—I could feel my pants wet.  And then when I moved the cart to show the lady what I had fell in, I can't say how long it was there, but if it had—the—it was kind of (indiscernible)
>
> Q: So say that—it was kind of what?
>
> A: You know, like it's drying up, after I got up.  So it was kind of dry, kind of—it wasn't wet.  It was kind of dry.

ECF No. 21-2, at 87:4-19.  In her errata, Ms. Johnson amended her answer to the last question to "After I got up, I could see that the vomit had started to dry.  Some was dry." ECF No. 21-3, at 2.

The court concludes that Ms. Johnson's deposition testimony, while thin, is enough to create a genuine issue of material fact on whether the vomit had been on the floor for a sufficient duration that Costco should have been on constructive notice of it.  In similar cases, courts have found comparable testimony about the consistency of a substance like vomit sufficient to present a jury question on the issue of constructive notice.  *See, e.g.*, *Foley v. F.W. Woolworth*, 199 N.E. 739, 740 (Mass. 1936) (holding that the vomit's "consistency, dryness, hardness and general appearance" could warrant a jury inference that it was on the stairway for long enough to be discovered); *Travis v. Metro. Theatres Corp.*, 205 P.2d 475, 477 (Cal. Ct. App. 1949) (finding that a jury could infer that the vomit had been on the floor for a substantial period of time when it "remained on the floor long enough to form a crust on its surface"); *Kroger Stores, Inc. v. Hernandez*, 549 S.W.2d 16, 17 (Tex. App. 1977) (finding that a jury could infer that the vomit had been on the floor for a long time based on the plaintiff's testimony that it was "already dried where it looks like cake"); *Kurtz v. Wal-Mart Stores, Inc.*, 338 F. Supp. 2d 620, 620 (D. Md. 2004) (holding that testimony that a substance had begun to dry at the edge could support a reasonable

9

inference that it had been on the floor for long enough to be discovered).[5]  Accordingly, crediting all inferences in Ms. Johnson's favor, as this court must at the summary judgment stage, the court concludes that she is—just barely—entitled to a jury trial on whether Costco was on constructive notice of the hazard.

## V.     CONCLUSION

For the foregoing reasons, Costco's Motion for Summary Judgment, ECF No. 21, is **DENIED**.  The parties are directed to file a joint status report proposing next steps in this litigation, including their positions on a referral to mediation and the reopening of expert discovery, if necessary, on or before September 2, 2025.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   August 5, 2025

---

[5] Costco contends that the vomit was dry because, when Ms. Johnson fell, her pants absorbed the puddle "at least partially."  ECF No. 21-1, at 14.  Whether the vomit's partial dryness was due to the length of time it had been on the floor or because Ms. Johnson's pants had absorbed it during her fall is a factual question for a jury.  *See, e.g.*, *Davenport*, 2022 WL 4379016, at *4 (denying motion for summary judgment where the duration of a hazard's presence on the floor was genuinely disputed).